UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAIN YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-1278-MMM |
| ) | |
| LEONTA JACKSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that he was subjected to due process violations at Pontiac Correctional Center. This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

First, Plaintiff alleges that he was escorted to segregation and placed under investigation on July 31, 2020. He claims that his due process rights were violated because no one from Internal Affairs interviewed him and he was deprived of his property while in segregation.

Upon his release from segregation on August 19, 2020, Plaintiff asked Defendant Correctional Officer Rusty Collins if he could use the kiosk to send a message. While doing so,

1

another inmate allowed Plaintiff to borrow his beard trimmer. The following allegations in Plaintiff's Complaint are unclear, but it appears that Defendant Collins may not have approved and locked Plaintiff back in his cell.

On August 20, 2020, Plaintiff asked Defendant Collins to use the kiosk again, but Defendant Collins allegedly told him no "because [he] was trading and trafficking the day prior." (Doc. 1 at 8). Plaintiff asked to talk to a segreant or a lieutenant. Approximately thirty minutes later, an unidentified John Doe sergeant came to Plaintiff's cell to speak with him. Plaintiff thinks his name was Segreant Gross and states that he was short, stocky, and had a mohawk. Plaintiff told Defendant John Doe that Defendant Collins had denied him access to the kiosk. Defendant John Doe told Plaintiff that he needed to speak with a crisis team member and ordered Plaintiff to cuff up. Plaintiff complied and waited for a crisis team member for approximately forty-five minutes. Meanwhile, Plaintiff alleges that Defendants Collins and Brian Howard shook down his cell and found a suspicious piece of paper rolled up in a medicine cup.

No one from the crisis team came to speak with Plaintiff. Instead, Defendants Correctional Officers James Berry and Delia from Internal Affairs informed Plaintiff that suspicious material had been found in his cell and that it tested positive for synthetic cannabinoids. Plaintiff told Defendants it was not his and that he did not know who was bringing it into the facility. Plaintiff alleges that Defendant Berry wrote Plaintiff a disciplinary report with Defendant Delia as a witness. Plaintiff was placed in segregation.

Plaintiff alleges that he sent a witness request to Defendants Collins and Howard by placing the request in the institutional mail sometime prior to the Adjustment Committee hearing on August 27, 2020. Plaintiff also included Defendants Collins and Howard in his handwritten statement. Plaintiff alleges that Defendants Travis Bantista and Mary Cerda, who were on the

Adjustment Committee, violated his procedural due process rights by not calling Collins and Howard as witnesses at the hearing. Plaintiff states that the Adjustment Committee concluded his witness request was untimely and insufficient because it did not include the officers' first names. Plaintiff also claims that the Adjustment Committee violated his due process rights by not allowing him to review the drug test results.

Plaintiff claims that the Adjustment Committee found him guilty and that he spent four months in segregation, was placed on C-grade for four months with commissary restrictions and audio/visual restrictions, and was not allowed to have contact visits for six months.

Plaintiff was later informed that the material from his cell was sent to an outside laboratory for testing and that the test confirmed the presence of drugs. Even though the results were positive, Plaintiff claims this testing should have been done prior to placing him in segregation.

Plaintiff claims that he was retaliated against when his phonebook containing personal information was taken, along with other miscellaneous items and property. He does not state who was responsible for taking his property.

Plaintiff claims that Defendant Warden Leonta Jackson had the authority to stop the Adjustment Committee from violating his procedural due process rights and failed to do so. Plaintiff claims that Defendant Jackson is liable because Plaintiff notified him of the incident through letters and he signed off on the Adjustment Committee's disciplinary recommendation.

Finally, Plaintiff claims that Defendant Grievance Officer C. Brubaker is liable because he was aware that Plaintiff's due process rights were being violated and did nothing to rectify the situation.

## ANALYSIS

Plaintiff first claims that his due process rights were violated while he was in segregation from July 31, 2020, until August 19, 2020, because he was deprived of his property and no one from Internal Affairs interviewed him. Plaintiff filed his Complaint on August 24, 2022. (Doc. 1). Therefore, the Court finds that this claim is barred by the two-year statute of limitations. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

Plaintiff alleges that he was found guilty at an Adjustment Committee hearing on August 27, 2020, without due process, after drugs were allegedly found in his cell during a shakedown on August 20, 2020. Based on Plaintiff's allegations, it appears that this claim is timely.

The review of a procedural due process claim requires a two-part analysis: whether the plaintiff was deprived of a protected liberty or property interest, and if so, what process was due. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right is identified, then procedural due process must be provided. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1020 (7th Cir. 2000). A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997); *see also Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (characterizing up to 90 days in segregation a relatively short period, depending on the conditions imposed).

Here, Plaintiff does not allege a loss of good time credits or plead that he was held under atypical conditions while in segregation. He pleads only that he was placed in segregation for four months, assigned to C-grade for four months, faced commissary restrictions and audio/visual restrictions for four months, and was denied contact visits for six months. This is not enough to state a due process claim. *See Lekas v. Briley*, 405 F.3d 610, 613 (7th Cir. 2005) (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (only lengthy period of segregation and harsh conditions will violate due process). Therefore, the Court finds that Plaintiff fails to plead a due process claim against Defendants. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend.

Plaintiff also alleges that Defendant Jackson is liable based on his position as Warden. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). There is no respondeat superior under § 1983. If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff also alleges that he wrote letters to Defendant Jackson, but this is insufficient to establish liability. *See Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if [ plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*,

1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under Section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). Therefore, Defendant Jackson is DISMISSED without prejudice.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's Complaint is dismissed without prejudice for failure to state a claim pursuant Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace the complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.    Plaintiff files a motion for recruitment of *pro bono* counsel [5]. Plaintiff does not, however, indicate that he attempted to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED. If Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters he has sent to, and received from, prospective counsel.

ENTERED:  10/20/2022

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge