UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| BRYAIN YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1278 |
| | ) | |
| LEONTA JACKSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court dismissed this case pursuant to 28 U.S.C. § 1915A after finding that Plaintiff's claims were time-barred and that he twice failed to state a procedural due process claim under the Fourteenth Amendment. (Docs. 6, 12). The matter is before the Court for ruling on Plaintiff's motion to reconsider the Court's Merit Review Order entered April 18, 2023, and Motion for Leave to Appeal *in forma pauperis*.[1] (Docs. 14, 16).

**Motion for Reconsideration (Doc. 14)**

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment if the movant can show a manifest error of law or present newly discovered evidence. Fed. R. Civ. P. 59(e); *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Motions under this rule cannot be used to present evidence that could have been presented at the time the Court ruled. *Id.* Nor are such motions vehicles to advance arguments that could or should have been made before judgment entered. *U.S. v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010); *see also*

---

[1] The Court entered judgment on April 19, 2023. (Doc. 13). Plaintiff filed the Motion for Reconsideration on May 11, 2023; he filed a Notice of Appeal and Motion for Leave to Appeal *in forma pauperis* on May 19, 2023. An appeal divests a district court of jurisdiction to resolve issues central to the appeal. *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). Because Plaintiff filed a Motion for Reconsideration, the Notice of Appeal does not take effect until the Court rules on the motion. Fed. R. App. P. 4(a)(4)(B)(i). The Court finds that it has jurisdiction to rule on the motions addressed herein.

*Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

Plaintiff argues that he stated a Fourteenth Amendment procedural due process claim because he alleged that prison officials "only relied on the observation of the officer and totally disregarded Plaintiff's defense" during a prison disciplinary proceeding. He states that prison officials also failed to provide an explanation in the summary of their decision regarding "why [the committee] relied on" the officer's testimony. Plaintiff also argues that he stated a First Amendment retaliation claim based upon Defendant Berry's alleged statement that "[a]ll of it (disciplinary ticket and segregation time) would've been avoided had the plaintiff not filed grievances the first time he had been under investigation and had cooperated…with [officials] when he was in the holding tank/cell." (Doc. 14 at 6).

### *Procedural Due Process*

As stated in the Court's Merit Review Order entered April 18, 2023, a four-month confinement in segregation, without more, is not sufficient to trigger procedural due process concerns—a plaintiff must allege an "atypical and significant hardship…in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff has not identified any allegations in his complaint that permit an inference that he suffered the requisite hardship. He does not allege that prison officials revoked good-time credits or implicated any other liberty interest he may have had.

Plaintiff's allegations permit only the inference that he received sufficient notice, that he attended the hearing, and that officials issued a written decision. Due process required only "some evidence" to support the disciplinary committee's decision. *Superintendent, Mass. Corr.*

*Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). Plaintiff's allegations do not permit a plausible inference that Defendants failed to provide any process he was due. Plaintiff's request for the Court to reconsider its decision regarding his Fourteenth Amendment procedural due process claim is denied.

### *Retaliation*

The Court did not address Plaintiff's First Amendment retaliation claim in its previous order, and, to the extent that Plaintiff's present motion seeks the Court to consider such a claim, the request is granted. To state a retaliation claim, the Plaintiff must allege that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

Plaintiff alleges that he was released from segregation on August 19, 2020, after filing grievances. (Doc. 10). He alleges that he returned to segregation the following day because he was unable to cooperate with officials on a pending investigation and that officials issued him a disciplinary ticket for a small piece of paper found in his cell that field tested positive for synthetic cannabinoids. Lab tests later confirmed this result.

Plaintiff alleges that officials denied his request for witnesses at the disciplinary hearing as untimely, refused to produce video of the area near his cell, and were otherwise derelict in their investigation. Plaintiff alleges that he was borrowing items from other inmates in violation of IDOC rules and "sending lines"[2] down the gallery prior to his return to segregation. Plaintiff alleges that Defendant Berry stated six months later that "[a]ll of it (disciplinary ticket and

---

[2] This is presumably a slang term to describe one of the ways inmates communicate with each other.

segregation time) would've been avoided had the plaintiff not filed grievances the first time he had been under investigation and had cooperated…with [officials] when he was in the holding tank/cell." (Doc. 10 at 15). Plaintiff attached to his amended complaint grievances about these events dated September 13, 2020, and October 3, 2020. (Doc. 10 at 27-28, 47-48).

The grievances Plaintiff attached to his complaint could not have motivated Defendants' actions because they were filed after the events in question. Assuming Plaintiff filed grievances prior to August 19, 2020, his allegations do not permit a plausible inference that the Defendants responsible for the disciplinary proceeding knew about his grievances or were otherwise responsible for addressing them. Plaintiff's allegation that officials released him from segregation because he filed grievances does not support a retaliation claim. *Holleman v. Zatecky*, 951 F.3d 873, 880-82 (7th Cir. 2020) (prison officials' responses to the substance of a prisoner's complaints do not permit an inference that retaliatory animus motivated allegedly adverse action; transfer to similar or less restrictive housing not likely to chill future speech).

Plaintiff does not allege that he invoked his Fifth Amendment right against self-incrimination during his interactions with Defendants in the holding cell, and, absent such an invocation, Plaintiff's refusal to cooperate with an internal prison investigation is not protected under the First Amendment. *Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017) ("[P]risoners may be compelled to disclose information during internal investigations provided they are not punished for refusing to make self-incriminating statements without immunity."). Plaintiff also does not allege facts permitting an inference that prison officials lacked probable cause to issue the disciplinary tickets leading to his time in segregation. *Cf. Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019) ("The plaintiff pressing a retaliatory arrest claim must plead and prove the absence

of probable cause for the arrest."). The Court finds that Plaintiff's amended complaint fails to state a First Amendment retaliation claim.

### Motion for Leave to Appeal *in forma pauperis* (Doc. 16)

Title 28 U.S.C. § 1915(a)(3) provides that "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* An appeal taken in "good faith" is not about the movant's sincerity or motivation. A good faith appeal is an appeal that "a reasonable person could suppose... has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Plaintiff argues that the Court erred by finding that his claims were time-barred, and that the Court erred in dismissing his procedural due process and retaliation claims for the same reasons he asserts above. A review of the grievances Plaintiff submitted with his motion to reconsider suggests that his claims are not time-barred. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations, which is tolled while the prisoner exhausts the administrative grievance process."); *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). Plaintiff's success on the statute of limitations issue, however, does not overcome the inability to plead a viable constitutional claim. For the reasons discussed above, the Court does not see an arguable good faith basis for appeal on any substantive issue Plaintiff raises. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that Plaintiff's petition to appeal *in forma pauperis* is not in good faith, and the motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Reconsideration [14] is GRANTED in part and DENIED in part.**

2) **Plaintiff's Motion for Leave to Appeal in forma pauperis [16] is DENIED.**

Entered this 6th day of July, 2023.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
